UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

№ 07-CV-5208 (JFB)(ARL)
_____

PHILIP BARASH,

Plaintiff,

VERSUS

NORTHERN TRUST CORPORATION AND GWEN BOYKIN,

Defendants.

_____

MEMORANDUM AND ORDER
March 6, 2009
_____

JOSEPH F. BIANCO, District Judge:

Plaintiff Philip Barash ("plaintiff," or "Barash"), as executor of the Estate of Celia Kates (the "Estate"), brought the above-captioned action on behalf of the Estate against defendants Northern Trust Corporation and Gwen Boykin ("Boykin") (collectively, "defendants"), alleging fraud and mismanagement of the Irving G. Kates Trust (the "Trust"), of which the Estate is a beneficiary.

Defendants now move for an order dismissing plaintiff's complaint in its entirety pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Defendants also seek an injunction prohibiting plaintiff from filing any further actions in any federal district court of New York arising out of the management and administration of the Irving G. Kates Trust, and for attorneys fees and expenses pursuant to Federal Rule of Civil Procedure 11. For the reasons set forth herein, defendants' motion to dismiss is granted in its entirety. The defendants' motion for sanctions will be held in abeyance and an Order to Show Cause will issue to plaintiff, affording him with an opportunity to be further heard as to why the requested sanctions should not be granted.[1]

---

[1] Plaintiff filed a cross-motion for sanctions. Having reviewed that motion, the Court concludes that it is entirely without merit. Specifically, plaintiff has made baseless allegations not supported in the record and has failed to provide any grounds for the imposition of sanctions. It appears simply to have been filed, even though it has no merit in law or fact, in retaliation for defendants' motion for sanctions. Accordingly, plaintiff's motion for sanctions is denied.

I. FACTS

A. Background

The following facts are taken from the Complaint and are not findings of fact by the Court. The Court assumes these facts to be true for the purpose of deciding this motion and construes them in the light most favorable to plaintiff, the non-moving party.

Plaintiff is an individual residing in Nassau County, New York. (Complaint "Compl." ¶ 1.) Northern Trust Corporation is incorporated in Delaware. (*Id.* ¶ 2.) Boykin is a vice president of Northern Trust Corporation. Plaintiff is executor of the Estate of Celia Kates, which was a beneficiary of the Irving G. Kates Trust. Pursuant to a settlement agreement dated September 26, 2001, "Northern Trust, 440 Royal Palm Way, Suite 102, Palm Beach, FL 33480 became the sole Trustee of the Trust." *Executor, Estate of Celia Kates, Philip Barash v. Northern Trust Bank, N.A.*, 04-cv-5153 (DRH). A letter written by Celia Kates prior to that reflects her understanding:

> Sandra and I have discussed what Northern Trust Company appears to represent and we agree that they appear to be a good corporate trustee and investment manager. We also understand that by having a location in Palm Beach, it will be convenient. Northern Trust Company is a [sic] international trust management company, or so it appears from their documentation, that is head quartered [sic] in Chicago, Illinois, and that a local trust office in Palm Beach will be available to us as a contact person for the administration of the Irving G. Kates Trust.

(Compl., Ex. 2.)

Per the terms of the trust, the trust ended when Celia Kates died on August 10, 2004. (*Id.* ¶ 5(e).) Shortly thereafter, Northern Trust Bank of Florida, N.A., a branch of Northern Trust Company, brought an action for judicial accounting in the Probate Division of the Fifteenth Judicial Circuit in Palm Beach County, Florida. (*Id.*, Ex. 38.)

In December of 2004, the Estate of Celia Kates filed a notice of removal of the judicial accounting in the Eastern District of New York and filed a motion to stay the proceeding in Florida. *Northern Trust Bank of Florida, N.A. v. Estate of Celia Kates*, 04-cv-5295 (DRH). On December 20, 2005, Judge Hurley denied the Estate's motion to stay the probate court proceeding. On March 29, 2005, Judge Hurley remanded the action to the probate court, finding that removal was untimely, the matter could not be removed to a federal court in New York pursuant to 28 U.S.C. § 1441(a), "the notice of removal did not comply with Rule 81.1(a) of the Local Civil Rules, there is no diversity of citizenship, and this Court lacks subject matter jurisdiction." The order also required Philip Barash and Sandra Barash to pay fees to Gloria Kates and Northern Trust Bank of Florida N.A.

Trial in the judicial accounting proceeding in Florida began on January 27, 2005 and plaintiff did not file a pretrial stipulation, nor did he attend or participate in the trial. (Compl., Ex. 38) A final judgment in that

---

Similarly, plaintiff's motion to strike the defendants' reply, as among other things redundant and impertinent, is denied. The reply properly responded to plaintiff's arguments in opposition.

2

action was issued on January 27, 2005 by Judge Martin. (*Id.*) That judgment included a ruling denying plaintiff's motion to dismiss on grounds of venue and jurisdiction. The judgment stated that

> [t]he principal place of administration of the Trust was in Palm Beach County, Florida for the entire time which Northern Trust served as Trustee and thus this Court has venue and jurisdiction pursuant to §§ 737.101, 737.202, and 737.201 Fla. Stat.
>
> The accountings for the period from the time that Northern Trust took office as Trustee September 2001 through February 2004 were properly served on the beneficiaries and are deemed approved pursuant to § 737.307 Fla. Stat. In addition, the Court approves and settles the accountings submitted into evidence at trial for this period.
>
> The accounting for the period from February 2004 as supplemented up to the day of trial is approved and settled.

(*Id.*)

Plaintiff appealed this ruling to the District Court of Appeal of the State of Florida, Fourth District, and the judgment was affirmed on December 6, 2006.

### B. Other Proceedings

On November 30, 2004, while the judicial accounting was pending in Florida, plaintiff, as executor of the Estate of Celia Kates, brought an action in the Eastern District of New York against the Northern Trust Corporation and Gwen Boykin. *See Executor, Estate of Celia Kates, Philip Barash v. Northern Trust Bank, N.A.*, 04-cv-5153 (DRH). The complaint in this action alleged virtually the same claims as those brought in the action now at issue:

> The thrust of Plaintiffs' allegations in [that] action [was] that pursuant to its own terms the Trust appointed defendant *Northern Trust* as Trustee, not *Northern Trust Bank of Florida, N.A.*, the party which initiated the Florida probate action. Accordingly, Plaintiffs allege, Northern Trust illegally 'posed' as a Florida corporation, to wit, Northern Trust Bank of Florida, N.A., 'to gain access' to the Florida Probate Court and falsely claimed that the Trust was a Florida trust governed by Florida law. Plaintiffs allege that Northern Trust, a national bank, is the real party in interest and, thus, Northern Trust Bank of Florida, N.A. had no standing to bring the Florida action and did so fraudulently. Thus Plaintiffs allege that Northern Trust 'induced' the Florida Probate Court to violate the law by wrongfully entertaining the suit.

Memorandum of Decision and Order, dated November 17, 2005 in *Executor, Estate of Celia Kates, Philip Barash v. Northern Trust Bank, N.A.*, 04-cv-5153 (DRH). Judge Hurley found that the court lacked subject matter jurisdiction over plaintiff's complaint because the alleged claims fell within the probate exception to federal diversity jurisdiction, as:

> the exercise of jurisdiction would impermissibly interfere with the Florida probate proceedings as the accountings approved by that court

could potentially be rendered meaningless should this Court entertain this case. The instant dispute between the parties turns singularly on the proper identity of the Trustee and whether it mismanaged the Trust. These issues have already been decided, either directly or indirectly, by the Florida Probate Court. By filing the instant suit, Plaintiffs undoubtedly seek to obtain a different result than that received in the Florida probate action. 'Such interference with the functions of a state probate court is . . . prohibited by the probate exception to federal diversity jurisdiction.' *Moser*, 284 F.3d at 345. Moreover, Plaintiffs' attempt to circumvent this conclusion by alleging the existence of a violation of federal law that presumably was beyond the jurisdiction of the Probate is misguided as Plaintiffs have wholly failed to allege any such violation. All of the claims asserted in this action were either raised, or could have been raised, in the Florida Probate Court.

*Id.* Judge Hurley also found the action barred under the doctrines of *res judicata* and collateral estoppel.

Plaintiff appealed Judge Hurley's Ruling to the United States Court of Appeals for the Second Circuit, which affirmed the ruling on November 8, 2006. (Defendants' Notice of Motion, Ex. 4.) The Court of Appeals held that "[t]he District Court properly dismissed appellants' claims because those claims were raised, or could have been raised in an earlier proceeding in the Circuit Court of Florida."

On May 15, 2007, plaintiff filed a motion to file new evidence for review by *en banc* panel of the Court of Appeals for the Second Circuit. (Defendants' Notice of Motion, Ex. 5.) That motion was denied on June 14, 2007. On June 19, 2007, the Court of Appeals for the Second Circuit denied plaintiff's petition for panel rehearing and petition for rehearing *en banc*. (Defendants' Notice of Motion, Ex. 6.) Plaintiff then petitioned the United States Supreme Court for a writ of *certiorari*, which was also denied. *See Executor, Estate of Celia Kates, Philip Barash v. Osborne*, 128 S. Ct. 316 (2007).

Plaintiff also brought an action against Northern Trust Corporation in the Supreme Court of the State of New York, Nassau County, before Justice Feinman. (Defendants' Notice of Motion, Ex. 7.) This action was dismissed on September 15, 2006 "based on the doctrine of *res judicata*." The order stated that "plaintiffs' attempt to circumvent the doctrine of *res judicata* by submitting that the claims in plaintiffs' instant complaint cannot be adjudicated in Florida is flawed. Under the doctrine of *res judicata*, a judgment on the merits from a prior action bars not only claims that have already been raised and adjudicated in that action, but also all other claims that could have been raised in that action, arising out of the same transaction or series of transactions." (Defendants' Notice of Motion, Ex. 7 (internal quotations and citation omitted).)

Plaintiff then brought another action in the Supreme Court of the State of New York, Nassau County, before Justice Palmieri. (Defendants' Notice of Motion, Ex. 8.) On April 20, 2007, Justice Palmieri issued an order finding that "as this proceeding is based on the same transactions and involves the same parties participating in the prior legal proceedings, which proceedings have concluded and were

resolved against them, petitioners' present special proceeding must be dismissed pursuant to CPLR 3211(a)(5) (*res judicata*), the same basis stated by Judge Feinman." (*Id.*) The order also imposed an injunction against any "further actions or proceedings . . . against the respondent, its officers, employees or agents without the express written permission of this Court." (*Id.*) The court explicitly warned plaintiff that "the Court will not hesitate to impose such sanctions should future developments warrant." (*Id.*) On June 28, 2007, Barash filed a motion to compel examination of Boykin with Justice Palmieri. This motion was denied with a statement that the court's April 20, 2007 decision "directed [Barash] to obtain leave of the Court to submit this motion but [he] failed to do so. [Barash is] reminded that future violations of this mandate will not be tolerated." *Beneficiary, Irving G. Kates New York Trust v. Northern Trust Corp.*, Index No. 001713/07 (Sup. Ct. N.Y. Cty. July 18, 2007).

On August 19, 2008, the Appellate Division, Second Department issued separate decisions affirming the dismissals of the above-referenced two lawsuits filed by plaintiff in Supreme Court, Nassau County, on *res judicata* grounds.[2] The Second Department also affirmed Justice Palmieri's order enjoining Mr. Barash from commencing further litigation against Northern Trust Corporation without written permission of the court.

### C. Allegations in the Current Action

Plaintiff alleges that defendants "falsified corporate internal records, and failed to present or have contracts signed as required by law, both Federal and State statutes, to form agreements for trust management and for rights and obligations of the trustee and beneficiaries." (*Id.* ¶ 5(a).) Plaintiff further alleges that while the Northern Trust Company was the trustee, "[t]he Northern Trust Corporation has falsely used the Northern Trust Bank of Florida, N.A., a national bank authorized to do business within the state of Florida to defraud the Plaintiff." (*Id.* ¶ 5(b).) Plaintiff appears to be alleging that this subsidiary was wrongfully used in order to fraudulently bring the judicial accounting in Florida. Plaintiff further alleges that, when the trust ended on August 10, 2004, "Northern Trust Corporation refused to release the funds in trust, and 90 days later filed for a judicial accounting in a Florida Court which had no jurisdiction over the trust." (*Id.* ¶ 5(e).) Plaintiff alleges that, in January 2005, defendants continued the action in the Florida Court "in violation of Federal Law" and obtained "a judgment for judicial accounting without the participation of the Defendants in that action, which were the Estate of Celia Kates, and Sandra Barash." (*Id.* ¶ 5(i).)

The complaint alleges that "[b]ased upon the current status of removals and losses from trust management, $300,000 was lost by May 2003, $68,000 was removed without any contract from Celia Kates, $33,000 was taken by an extortion scheme in February 2004, $110,000 was lost in management by August 10, 2004, $350,000 was removed from the then personal assets of Sandra Barash to date, making a total of $629,000 in compensatory damages." (*Id.* ¶ 8.) Plaintiff further "asks this Court to award the sum of $4,371,000 in punitive damages, making this action total $5 million dollars." (*Id.*)

---

[2] The Second Department decisions were supplied to the Court by defendants' counsel in a letter to the Court, dated August 25, 2008.

5

## II. PROCEDURAL HISTORY

On December 14, 2007, plaintiff filed the instant action. Defendants moved to dismiss the complaint and impose sanctions against plaintiff on April 21, 2008. Plaintiff filed his opposition on May 15, 2008. Defendants replied on June 16, 2008. The Court has fully considered the submissions of the parties.

## III. STANDARD OF REVIEW

The defendant has moved to dismiss both under Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure.

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). In reviewing a motion to dismiss under Rule 12(b)(1), the court "must accept as true all material factual allegations in the complaint, but we are not to draw inferences from the complaint favorable to plaintiffs." *J.S. ex rel. N.S. v. Attica Cent. Schs.*, 386 F.3d 107, 110 (2d Cir. 2004) (citation omitted). Moreover, the court "may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional issue, but [it] may not rely on conclusory or hearsay statements contained in the affidavits." *Id.* (citations omitted). "The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005).

In reviewing a motion to dismiss under Rule 12(b)(6), a court must accept the factual allegations set forth in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007); *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006). The plaintiff must satisfy "a flexible 'plausibility' standard, which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1969 (2007). The Court does not, therefore, require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974. Further, in reviewing a motion to dismiss under Rule 12(b)(6), "the district court is normally required to look only to the allegations on the face of the complaint." *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007). The Court may only consider a document not appended to the complaint if the document is "incorporated in [the complaint] by reference" or is a document "upon which [the complaint] *solely* relies and . . . is *integral to the complaint*." *Id.* (quoting *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991)) (emphases in original). Courts also "'routinely take judicial notice of documents filed in other courts . . . not for the truth of the matters asserted in other litigation, but rather to establish the fact of such litigation and related filings.'" *Crews v. County of Nassau*, No. 06-CV-2610 (JFB), 2007 U.S. Dist. LEXIS 6572, at *5 n.2 (E.D.N.Y. Jan. 30, 2007) (quoting *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991)).

"A court presented with a motion to dismiss under both Fed. R. Civ. P. 12(b)(1) and 12(b)(6) must decide the 'jurisdictional

question first because a disposition of a Rule 12(b)(6) motion is a decision on the merits, and therefore, an exercise of jurisdiction.'" *Coveal v. Consumer Home Mortgage, Inc.*, No. 04-CV-4755 (ILG), 2005 U.S. Dist. LEXIS 25346, at *7 (E.D.N.Y. Oct. 21, 2005) (quoting *Magee v. Nassau County Med. Ctr.*, 27 F. Supp. 2d 154, 158 (E.D.N.Y. 1998)); *see also Rhulen Agency, Inc. v. Ala. Ins. Guar. Ass'n*, 896 F.2d 674, 678 (2d Cir. 1990) (noting that a motion to dismiss for failure to state a claim may be decided only after finding subject matter jurisdiction).

Moreover, as the Second Circuit recently emphasized in *Sealed Plaintiff v. Sealed Defendant*, "[o]n occasions too numerous to count, we have reminded district courts that when [a] plaintiff proceeds *pro se*, . . . a court is obliged to construe his pleadings liberally." 537 F.3d 185, 191 (2d Cir. 2008) (citations and quotation marks omitted); *see also Weixel v. Bd. of Educ. of the City of N.Y.*, 287 F.3d 138, 145-46 (2d Cir. 2002) (holding that when plaintiff is appearing *pro se*, the Court shall "'construe [his complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggests.'") (quoting *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000)); *accord Sharpe v. Conole*, 386 F.3d 482, 484 (2d Cir. 2004).

IV. DISCUSSION[3]

A. Subject Matter Jurisdiction

Subject matter jurisdiction in this action is based upon diversity jurisdiction. Defendants, however, argue that probate matters are excepted from the scope of federal diversity jurisdiction, and, therefore, this Court should dismiss plaintiff's complaint for lack of subject matter jurisdiction. As set forth below, the Court agrees.

The Supreme Court has created an exception to diversity jurisdiction for probate matters,

---

[3] As a threshold matter, defendants argue that plaintiff lacks capacity to bring this suit in his individual capacity, rather than in his capacity as the executor of the Estate of Celia Kates. The Court agrees. The Trust instrument, which the Court may consider under Rule 12(b)(6) because it is integral to plaintiff's complaint and incorporated by reference, makes clear that plaintiff has no interest in the Trust. Thus, it is clear from the allegations in the complaint that plaintiff can only bring this action on behalf of the Estate of Celia Kates and, as plaintiff is *pro se*, the Court liberally construes the complaint as such. In any event, even if plaintiff had the capacity to sue in his individual capacity, he still would not avoid dismissal of this lawsuit on *res judicata* grounds for the reasons discussed *infra*. Specifically, as the Second Circuit has noted, privity exists, *inter alia*, "'where a person so controlled the conduct of the prior litigation in which they were interested such that the result is *res judicata* against him.'" *Ferris v. Cuevas*, 118 F.3d 122, 126-27 (2d Cir. 1997) (quoting *Tamily v. General Contracting Corp.*, 210 A.D.2d 564, 566 (N.Y. App. Div. 1994)). Mr. Barash himself conducted all of the prior litigation outlined above and, thus, satisfies the privity requirement for purposes of *res judicata* regardless of whether he is suing in his individual capacity or in his capacity as executor of the Estate.

which "reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction." *Marshall v. Marshall*, 547 U.S. 293, 311-12 (2006). The Second Circuit has explained that "so long as a plaintiff is not seeking to have the federal court administer a probate matter or exercise control over a res in the custody of a state court, if jurisdiction otherwise lies, then the federal court may, indeed must, exercise it." *Lefkowitz v. Bank of New York*, 528 F.3d 102, 106 (2d Cir. 2007). In *Lefkowitz*, the court found that plaintiff's claims of conversion, unjust enrichment, and other claims seeking monies owed were, "in essence, [seeking] disgorgement of funds that remain under the control of the Probate Court." *Id.* at 107. As such, plaintiff was seeking "to mask in claims for federal relief her complaints about the maladministration of her parent's estates," which were proceeding in probate court. *Id.* The court went on to hold that plaintiff's claims for breach of fiduciary duty, fraudulent misrepresentation and fraudulent concealment, which were seeking damages from defendants personally, "rather than assets or distributions from either estate," did not require the federal court to assert "control of any *res* in the custody of a state court" and, therefore, the probate exception did not apply. *Id.* at 107-108.

Here, all of plaintiff's claims directly relate to the identity of the Trustee and the administration of the Trust by Northern Trust, which was the matter before the Probate Court of Palm Beach County. As Judge Hurley ruled, when considering this same issue in November of 2005, "the exercise of jurisdiction would impermissibly interfere with the Florida probate proceedings as the accountings approved by that court could potentially be rendered meaningless should this Court entertain this case. The instant dispute between the parties turns singularly on the proper identity of the Trustee and whether it mismanaged the Trust. These issues have already been decided, either directly or indirectly, by the Florida Probate Court. By filing the instant suit, Plaintiffs undoubtedly seek to obtain a different result than that received in the Florida probate action. 'Such an interference with the functions of a state probate court is . . . prohibited by the probate exception to federal diversity jurisdiction.'" (citation omitted). This Court finds Judge Hurley's analysis equally applicable here.

Plaintiff's allegation that the Florida probate court lacked jurisdiction does not upset this reasoning. That court considered and dismissed plaintiff's motion to dismiss based on lack of jurisdiction and improper venue. Further, the Eastern District of New York found "that Plaintiffs improperly removed the probate action to [the Eastern District of New York] and remanded it back to Florida." *Northern Trust Bank of Florida, N.A. v. Estate of Celia Kates*, 04-cv-5295 (DRH). Therefore, plaintiff may not credibly argue that there is no valid probate proceeding to upset.

To the extent that plaintiff also asserts federal question jurisdiction, the Court finds no facts alleged in the complaint to support such a claim. The claims alleged are state law claims and there is no indication that any federal claims exist. Therefore, the Court finds that plaintiff's claims fall within the probate exception to federal diversity jurisdiction and, therefore, should be dismissed for lack of subject matter jurisdiction.

8

B. Claim Preclusion

While the Court has determined that the complaint should be dismissed for lack of subject matter jurisdiction, in an abundance of caution, the Court has analyzed the complaint under a Rule 12(b)(6) standard and finds, in the alternative, that it should also be dismissed under Rule 12(b)(6) on grounds of *res judicata* for the reasons discussed in detail below.[4]

Defendants argue that the complaint is barred by the doctrine of *res judicata*, as all claims alleged in this action were or could have been brought in the judicial accounting that took place in the probate court in Florida. Under the doctrine of *res judicata*, otherwise known as claim preclusion, "'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" *Flaherty v. Lang*, 199 F.3d 607, 612 (2d Cir. 1999) (quoting *Rivet v. Regions Bank of La.*, 522 U.S. 470, 476 (1998)) (internal quotation marks omitted) (emphasis added); *accord Allen v. McCurry*, 449 U.S. 90, 94 (1980). The doctrine applies only if "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the [parties] or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000) (citations omitted). "In determining whether a second suit is barred by this doctrine, the fact that the first and second suits involved the same parties, similar legal issues, similar facts, or essentially the same type of wrongful conduct is not dispositive." *Maharaj v. BankAmerica Corp.*, 128 F.3d 94, 97 (2d Cir. 1997). "Rather, the first judgment will preclude a second suit only when it involves the same 'transaction' or connected series of transactions as the earlier suit." *Id.* Therefore, as the Second Circuit has noted, "the obvious starting point in a preclusion analysis is a determination of the issues that were litigated in the first action." *Flaherty*, 199 F.3d at 613. Furthermore, in evaluating the *res judicata* effect of a prior action, "courts routinely take judicial notice of documents filed in other courts, again not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991).

The claims asserted here were or could have been raised in the previous action. All challenges to the identity of the Trustee and the jurisdiction and venue of the Florida proceeding could have been brought during the judicial accounting. The record reveals that the issues of jurisdiction and venue were raised by plaintiff and adjudicated by the court. (Compl., Ex. 38, at 2 (indicating that plaintiff brought a motion to dismiss the complaint in the proceeding before the Florida Probate Court on the grounds of venue and jurisdiction, and such motion was denied).) The record also reveals that plaintiff has litigated the issue of the identity of the Trustee on multiple occasions. Memorandum of Decision and Order, dated November 17, 2005, *Northern Trust Bank of Florida, N.A. v. Estate of Celia Kates, et al.*, 04-cv-5295 (DRH) ("The instant dispute between the parties turns singularly on the proper identity of the Trustee and whether it

---

[4] A motion to dismiss on *res judicata*/collateral estoppel grounds is not jurisdictional and, prior to the filing of an answer, is properly considered under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Thompson v. County of Franklin*, 15 F.3d 245, 253 (2d Cir. 1994) (*res judicata* "in no way implicates jurisdiction" and "challenges may properly be raised via motion to dismiss for failure to state a claim under Rule 12(b)(6)").

9

mismanaged the Trust. These issues have already been decided, either directly or indirectly, by the Florida Probate Court."); *see also Northern Trust Bank of Florida, N.A. v. Estate of Kates*, No. 502004CP004511XXXXMB (Fla. Cir. Ct. Palm Beach Cty. Jan. 27, 2005). Any other claims relating to the management of that Trust could have, and should have, been brought during that proceeding.

Having established that the claims at issue here were or could have been brought in the earlier action, the Court now turns to examine whether the previous action was adjudicated on the merits and whether the parties to this action were parties to that action. First, the judicial accounting in Florida resulted in an adjudication on the merits. (*See* Compl., Ex. 38.) Plaintiff's arguments that the adjudication was invalid are not persuasive.

Next, the parties to this action were all parties to the previous action. Plaintiff alleges that the trial in Florida took place "without the Plaintiff or his family receiving notice." (Plaintiff's Memorandum of Law, at 8.) However, the record in the Florida court proceeding makes clear that plaintiff did have notice. (Compl., Ex. 52, at 5-6 (trial transcript confirming that notice was given and the court attempted to contact plaintiff and left a voicemail for him); Compl., Ex. 52, at 19-20 (counsel for Gloria Kates stating that plaintiff was "served with the motion for attorneys' fees and the allocation of the attorney's fees from Sandra Barash's portion, and that was noticed for today").) Further, plaintiff's argument that the trial should not have gone forward prior to Judge Hurley's order to remand in March of 2005 is unfounded, as Judge Hurley had previously denied plaintiff's motion to stay the Florida proceeding. Plaintiff also argues that Northern Trust Corporation was not a named party to the prior action, and, therefore, *res judicata* is inapplicable. First, Northern Trust Florida is a wholly-owned subsidiary of Northern Trust Corporation, and, as such, this distinction is insignificant here. Further, as the *res judicata* is being asserted against plaintiff, not defendants, it is irrelevant whether defendants were named parties to the prior proceeding. *See Monahan*, 214 F.3d at 285 (clarifying that "[t]o prove the affirmative defense [of *res judicata*] a party must show that 1) the previous action involved an adjudication on the merits; 2) the previous action involved *the plaintiffs or those in privity with them*; and 3) the claims asserted in the subsequent action were, or could have been, raised in the prior action") (emphasis added). To the extent that plaintiff argues that he was not a named party to the prior proceeding, that argument is also without merit. The prior proceeding named the Celia Kates Estate as defendant. Plaintiff is the executor of the Celia Kates Estate and brings this action asserting claims on the Estate's behalf. As it is the Estate that would benefit from success on these claims, not plaintiff as an individual, it is clear that plaintiff brings this action as executor, not in his individual capacity. The parties are, therefore, the same for purposes of *res judicata*.

The arguments plaintiff makes against the application of *res judicata* to this action are unpersuasive. First, plaintiff contends that there was inadequate discovery in prior litigation, due, in part, to defendants' refusal to comply with discovery requests. As a result, plaintiff alleges that "the prior actions in which the Plaintiff and his family, Sandra Barash, Celia Kates and the Estate of Celia Kates, sought to have claims adjudicated **did not have the evidence which has been painstakingly discovered** without the help of the Defendants." (Plaintiff's Memorandum of Law, at 2 (emphasis in original).) The newly discovered evidence, which plaintiff references consists of "correspondence between the

10

Defendants and their New York Lawfirm [sic] proving that it was known since February 22, 2005 that Northern Trust Company was the administrator and manager of the Irving G. Kates New York Trust." (Plaintiff's Memorandum of Law, at 3.) Plaintiff appears to allege that this evidence was withheld through defendants' fraudulent actions and, therefore, should be grounds for declining to find the Florida Probate Court's judgment of January 27, 2005 binding. (Plaintiff's Memorandum of Law, at 3.)

"As a general rule, newly discovered evidence does not preclude the application of res judicata unless the evidence was either fraudulently concealed or could not have been discovered with due diligence." *Saabirah El v. City of New York*, 07cv3276, 2008 U.S. App. LEXIS 23963, at *4 (2d Cir. Nov. 19, 2008). Wholly conclusory allegations of fraudulent concealment, however, are insufficient to avoid *res judicata*. *Id.* Here, plaintiff's allegations are wholly conclusory. Plaintiff does not explain how the new evidence was discovered or why it would have been discovered earlier in the absence of fraud. Plaintiff alleges:

> Fraud exists when a trustee claims to be the successor trustee of a trust when in fact not true. Fraud exists when the Northern Trust Corporation sends a subsidiary into a foreign court against a New York Trust for the sole purpose of attempting to deny the beneficiaries a cause of action against it for mismanagement of the trust and ultra vires acts of removing funds from the trust without contract of successor trusteeship in place authorizing such acts. Wherefore because of the fraud, "res judicata" cannot exist!

(Compl. ¶ 34.) Read in the light most favorable to plaintiff, this simply does not allege that evidence was fraudulently concealed.

Even if plaintiff did establish that evidence was fraudulently concealed, it is clear to the Court that the newly discovered evidence described would have had no impact on the outcome of the previous proceeding. Plaintiff repeatedly alleges that there was evidence before the Florida probate court that the Trustee was the Northern Trust Company, not the Northern Trust Bank of Florida, N.A. The evidence that was recently discovered simply reiterates the same arguments that plaintiff makes based on the other previously discovered evidence. (*See* Plaintiff's Memorandum of Law, at 10-14 ("Twice Gwen Boykin under oath stated that Northern Trust Company, not Northern Trust Bank of Florida, N.A. was the manager, administrator and de facto successor trustee of the trust.").) In light of the evidence establishing that Northern Trust Bank of Florida, N.A. was the Trustee and was acting properly in bringing the judicial accounting, it is not plausible, without more than a conclusory allegation of fraudulent concealment, that there was fraudulent activity or that the evidence referenced would have changed the outcome of the initial proceeding.

Further, the issue of fraud itself has previously been litigated in Florida and is, therefore, barred from relitigation here. After final judgment was entered in Florida Probate Court, plaintiff moved, pursuant to Fla. R. Civ. P. 1.540 to have that judgment vacated on the grounds that the underlying action was fraudulent and that newly discovered evidence existed. Judge Martin ruled that the motion was not timely but that "even assuming that you had brought this timely, I found that you have not established that there is any newly

11

discovered evidence or any fraud." (Plaintiff's Memorandum of Law, Ex. 2, at 229.) Plaintiff then appealed this determination to the District Court of Appeal of the State of Florida and the decision was affirmed. Plaintiff has presented no reason that this Court should reconsider this issue now. Although plaintiff does assert in a conclusory fashion that new evidence has emerged since the appeal in Florida, he does not indicate that it is of a different nature or was "fraudulently concealed" in a different manner. In other words, the "new evidence" contains precisely the same conclusory and unsubstantiated allegations that were raised, or could have been raised, in the Florida courts.

Next, plaintiff contends that, for *res judicata* to apply, the claims asserted in the subsequent action "must have 'not could have been' but actually [sic] adjudicated." (Plaintiff's Memorandum of Law, at 26.) This is not the legal standard. Plaintiff appears to confuse the standards for claim preclusion and collateral estoppel. (*Id.* at 30-31 (incorrectly referring to "the allegation of the defendant that he is entitled to dismissal based upon res judicata otherwise known as collateral estoppel").) It is sufficient that plaintiff could have brought all of the claims alleged here in the previous proceeding, and that there was an adjudication on the merits in that proceeding. As the Second Circuit noted in affirming Judge Hurley's dismissal of plaintiff's complaint in the prior lawsuit was barred by claim preclusion:

> The doctrine of claim preclusion prevents parties and their privies from re-litigating claims that were, or could have been, raised in an earlier action that has resulted in a final judgment. *See Storey v. Cello Holdings, L.L.C.*, 347 F.3d 370, 380-81 (2d Cir. 2003). The fraud exception to this doctrine is limited: it does not permit a litigant to collaterally attack a judgment on the ground of fraud, when the fraud issue was or could have been raised in a post-trial motion or direct attack on the judgment. *See Weldon v. United States*, 70 F.3d 1, 5 (2d Cir. 1995). The District Court properly dismissed appellant's claims because those claims were raised, or could have been raised, in an earlier proceeding in the Circuit Court of Florida.

*Executor, Estate of Celia Kates, Philip Barash v. Osborne*, No. 05-6311-cv, at 2 (2d Cir. Nov. 8, 2006) (unpublished summary order) (annexed to Defendants' Notice of Motion as Exhibit 4). That is exactly the situation once again. Although plaintiff is attempting to re-package his fraud allegations by characterizing them as newly discovered evidence in order to avoid claim preclusion, such conclusory allegations of fraud and new evidence do not avoid *res judicata* where it is clear that the same fraud issues were raised, or could have been raised, in the earlier proceedings in the Circuit Court of Florida. In short, the purported new evidence, while referencing more recent dates, is not substantively new; rather, it is a transparent attempt to try to avoid claim preclusion and revive the same allegations and same arguments that were rejected in the earlier proceedings. However, having carefully reviewed the pleadings and all the submissions, this Court concludes that this

12

lawsuit, and the claims contained therein, are clearly barred by *res judicata*.

Accordingly, for the reasons set forth above, the Court finds that plaintiff's claims in this action are barred by the doctrine of *res judicata*.

V. Conclusion

For the foregoing reasons, defendants' motion to dismiss plaintiff's claims, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, is GRANTED, and plaintiff's motions for sanctions, and striking of the reply, are DENIED.

The Court will issue a separate Order to Show Cause regarding defendants' pending motion for sanctions and will provide plaintiff with an opportunity to be heard on the record in Court regarding the sanctions sought.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: March 6, 2009
Central Islip, NY

\* \* \*

Plaintiff is representing himself *pro se*: Philip Barash, 6 Serenite Lane, Muttontown, New York 11791. The attorneys for defendants are Jay W. Freiberg, Esq. and Catherine G. Patsos, Esq., of Katten Muchin Rosenman LLP, 575 Madison Avenue, New York, New York 10022-2585.